IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | | |
|---|---|---|
| **HAROLD HOBBS** | * | |
| **ADC 77219** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Case No. 2:06CV0059WRW |
| | * | |
| **SGT. FAREMAN,** *et al.* | * | |
| | * | |
| **Defendants** | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**I**.   **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## II.  DISPOSITION

Plaintiff filed this action *pro se* on February 23, 2006 while confined in the Arkansas Department of Correction. Following service of process the Defendants moved the Court for the entry of summary judgment on their behalf (docket entry #18). Plaintiff has filed a response (docket entry #21) to Defendants' Motion for Summary Judgment.

In the Complaint, Plaintiff asserts that on October 19, 2005, Defendants Fareman and Parker placed him in wrist restraints and while Plaintiff was kneeling on his bunk, they beat him in the head with leg restraints cutting his head open. Plaintiff states he was pulled to the floor and other guards entered his cell and he was beaten about his head. Eaton is alleged to have kicked Plaintiff in the head 5 or 6 times, and Evans, Jones, North and Steward are alleged to have drug Plaintiff down the hall while kicking and hitting him in the head. Thus, Plaintiff

asserts an Eighth Amendment claim for excessive force.

Plaintiff also asserts that because he wrote an internal grievance on Evans, he was placed in segregation and deprived of yard call time for six months. Fareman, Parker, Evans, Jones, North, Steward, and Eaton are all alleged to have denied Plaintiff yard call as a means of retaliation. Plaintiff also asserts that Eaton wrote two false disciplinary actions on the Plaintiff because he wrote a grievance on two guards who Plaintiff does not identify. Thus, Plaintiff asserts a Eighth Amendment and retaliation claim on these facts.

In their Motion for Summary Judgment, Defendants contend that Eaton did issue Plaintiff two disciplinary actions that were finalized in October 2005. Because Plaintiff did not appeal the disciplinary decisions through the *disciplinary process* pursuant to Administrative Regulation 831, they contend that Plaintiff failed to exhaust his administrative remedies on each claim set forth in the Complaint and the action should be dismissed. In response, Plaintiff refers the Court to grievances VU05-00524 and VU05-00530 in support of his claim that he properly exhausted the retaliation claim discussed in Defendants' motion through the *inmate grievance procedure*.

    A.    Factual Findings

Plaintiff is an inmate housed in the Varner Super Max Unit. The named Defendants are current or former employees of the Arkansas Department of Correction.

On October 14, 2005, Plaintiff was charged by Officer Eaton with a Major Disciplinary after refusing to sign for receipt of his kosher meal tray and shouting profanity at staff.

On October 19, 2005, Plaintiff was charged with another Major Disciplinary after he cursed staff for serving him with a copy of the October 14, 2005 disciplinary.

On October 26, 2005, disciplinary hearings were held on the Major Disciplinary Actions which were conducted by Hearing Officer John Blankenship.

Plaintiff was found guilty of all charges on both disciplinary actions. He was reduced to Class IV and sentenced to 30 days in punitive isolation.

Plaintiff did not appeal the decision of the Hearing Officer on either Major Disciplinary to Director Larry Norris.

Administrative Regulation 831 provides that following a hearing decision, an inmate may appeal the to the unit Warden, next to the Disciplinary Hearing Administrator and finally to Director Larry Norris.

      B.    Law and Analysis

The Prison Litigation Reform Act (the "Act") provides that "[no] action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. Section 1997e(a). Thus, the Act has made exhaustion a mandatory step prior to the commencement of a lawsuit. The premise was affirmed by the Supreme Court in *Booth v. Churner,* wherein the Court stated that available remedies "must be 'exhausted' before a complaint under § 1983 may be entertained."532 U.S. 731, 738 (2001) and *see Porter v. Nussle,* 534 U.S. 516, 524 (2002). Following *Booth*, this Circuit stated that "[u]nder the plain language of 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . .If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In *Chelette v. Harris*, the Court stated, "[t]he statute's requirements are clear: If administrative remedies are

available, the prisoner must exhaust them. . . . [Plaintiff] failed to do so, and so his complaint must be dismissed, for we are not free to engraft upon the statute an exception that Congress did not place there." 229 F.3d 684, 687 (8th Cir. 2000), *cert. denied*, 531 U.S. 1156 (2001).  Further, it is well established that when "multiple prison condition claims have been joined . . . that all available prison grievance remedies must be exhausted as to all of the claims." *Graves v. Norris*, 218 F.3d 884 (8th Cir. 2000). In this Circuit, exhaustion is an affirmative defense that the Defendant has the burden of pleading and proving. *Nerness v. Johnson*, No. 04-2679 (8th Cir. March 18, 2005) (*per curiam*).

In his response, Plaintiff argues the substantive merits of his claims and addresses issues not even raised by Defendants, such as qualified immunity.  In response to the exhaustion argument, Plaintiff states, "I am not argument Major Disciplinary.  I am just showing the Court that they were wrote in retaliation for me filing grievance on Lt. Evans staff."[1]  Plaintiff requests the Court review grievance VU 05-524 and VU05-530 in relation to the exhaustion issue.  Plaintiff attached numerous grievance materials to his response.  However, none of the grievance

---

[1] As a matter of note, Plaintiff could not concede the facts supporting the disciplinary conviction and at the same time assert that the disciplinary was issued in retaliation for his use of the grievance process.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989) (filing of false disciplinary charge against inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievance pursuant to established procedures); *See Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir.1995) (*per curiam*) (retaliation claim is precluded if punishment was imposed based on actual violation of prison rules); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially precluded prisoner's retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993); *Orebaugh v. Caspari*, 910 F2d 526, 529 (8th Cir. 1990) (a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, but no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform); *Moore v. Plaster*, 313 F.3d 442 (8th Cir. 2002).

materials attached to the response having any bearing on this suit.  Grievance VU05-524 and VU05-530 were attached to the original Complaint.  In grievance VU05-524, Plaintiff alleges that Fareman and Parker used excessive force against him on October 19, 2005 and that Eaton participated by kicking him in the head 5 or 6 times.  The grievance says nothing about a disciplinary action issued by Eaton or retaliation. In grievance VU05-530, Plaintiff states that on October 19, 2005, Officers Fareman, Parker, Evans, Jones, North, Steward and Eaton all beat and kicked him.  Again, the grievance says nothing about a disciplinary action issued by Eaton or retaliation.

     Plaintiff has not refuted Defendants' evidence that he failed to raise the retaliation claim on the two disciplinary convictions in the appeals process set forth in Administrative Regulation 831.  Additionally, while the two grievances Plaintiff directs the Court to in support of his claim that he administratively exhausted set forth facts supporting his excessive force claim, the grievances say nothing about retaliatory disciplinary actions issued by Officer Eaton.[2]  Thus, the undersigned recommends that the action be dismissed for Plaintiff's failure to exhaust his administrative remedies.

---

[2] As established by *Graves v. Norris*, cited herein, a Plaintiff cannot proceed on a mixed Complaint of exhausted and unexhausted claims.  Here, Plaintiff has asserted Eighth Amendment claims for excessive force as well as a retaliation claim.  As stated, Plaintiff's claims of retaliatory discipline are not exhausted, and Plaintiff has not requested to amend his Complaint to cure this deficiency.

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment be GRANTED (docket entry #18), that Plaintiff's action be DISMISSED pursuant to 42 U.S.C. Section 1997e due to his failure to exhaust his administrative remedies, and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from a Judgment and Order of Dismissal would not be taken in good faith.

DATED this 14th day of August, 2006.

_____
MAGISTRATE JUDGE
UNITED STATE DISTRICT COURT